■ ANDREW KOVACS, Respondent, v ANDY'S CARPENTRY COMPANY, INC., et al., Defendants, and FORD MOTOR CREDIT COMPANY, Appellant. [705 NYS2d 254] —In an action to recover damages for personal injuries, the defendant Ford Motor Credit

Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated April 19, 1999, as granted the plaintiff's motion for summary judgment dismissing its counterclaims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is denied, and the counterclaims are reinstated.

On or about May 7, 1994, the plaintiff, Andrew Kovacs, personally and as president of the defendant Andy's Carpentry Company, Inc. (hereinafter ACC), entered into an agreement with the defendant Ford Motor Credit Company (hereinafter Ford Motor Credit) for the lease of a 1994 vehicle for a term of 24 months. The lease provided, *inter alia*, that at its end, the lessees would return the vehicle to Ford Motor Credit and, if the lessees kept possession of the vehicle, the lessees would continue to pay the monthly lease payments. The lease provided that it would terminate upon (i) the end of its term, (ii) the return of the vehicle to the lessor, and (iii) the payment by the lessees of all amounts owed under the lease.

The lease term ended on May 7, 1996, but the vehicle was not returned to Ford Motor Credit. On May 21, 1996, the leased vehicle, in which the plaintiff was a passenger, was involved in an accident. At the time of the accident, the vehicle was operated by the plaintiff's son, who, along with the plaintiff, is a principal of ACC. On May 28, 1996, ACC alone and Ford entered into a two-month lease extension, effective May 7, 1996.

The plaintiff commenced the instant action to recover damages for personal injuries allegedly sustained in the accident. Ford Motor Credit interposed two counterclaims, seeking common-law and contractual indemnification. The Supreme Court granted the plaintiff's motion for summary judgment dismissing the counterclaims. We reverse.

Contrary to the Supreme Court's determination, issues of fact exist precluding summary judgment dismissing the counterclaims. Those issues include, but are not limited to, whether, as of May 21, 1996, the plaintiff had complied with the conditions of termination as stated in the lease, and whether the accident occurred while the plaintiff was still a lessee and, therefore, one of the co-owners of the vehicle pursuant to Vehicle and Traffic Law § 128. Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.